APPEAL OF J. VAN LINDLEY ORCHARD CO. AND J. VAN LINDLEY NURSERY CO.

Docket No. 3109.   Submitted July 27, 1925.   Decided October 28, 1925.

1. The taxpayer corporations were affiliated during the taxable year in question and the Orchard Company sold its orchard property during that year. On the evidence, *held* that it sustained a deductible loss of $20,000.

2. The Nursery Company during the taxable year reduced its nursery stock on hand and had for some years been carrying upon its balance sheet an arbitrary inventory at a fixed amount of $23,000, its costs of production of nursery stock being charged to expense from year to year. *Held*, that no deductible loss could be predicated upon the reduction of nursery stock and no adjustment of inventory permitted, in the absence of evidence of actual cost of production of inventory stock and the actual amounts contained in the inventory as at the beginning and end of the year.

*G. S. Ferguson, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency upon the consolidated returns of affiliated corporations for the year 1918 in the amount of $310.54. The taxpayer alleges two errors by the Commissioner: (1) His failure to allow a reduction of inventory in an alleged amount of $7,000; and (2) his disallowance of an alleged loss of $40,000 in the sale of orchard property by the J. Van Lindley Orchard Co.

FINDINGS OF FACT.

The J. Van Lindley Nursery Co. is a North Carolina corporation with its principal place of business at Greensboro, where it operates a nursery producing shrubbery and fruit and ornamental shade trees. The J. Van Lindley Orchard Co. is a North Carolina corporation which, during the year in question and prior thereto, operated a peach orchard near Southern Pines, N. C.

Approximately 30 years prior to the taxable year in question, J. Van Lindley, now deceased, conceived a plan of developing peach orchards in a section of North Carolina known as the Sand Hills, being cut-over pine land, and for that purpose bought approximately 1,800 acres of cut-over land for $2,000. He planted originally 100 acres in peach orchards and thereafter, up to and including March 1, 1913, he increased the acreage from time to time until on that date he had approximately 500 acres in a developed peach orchard. The cost of this development is not accurately known, but it is established by credible testimony that it was not less than approximately $80,000, this being the original cost of the land, plus the cost of bringing the original orchard to bearing. The value of the property on March 1, 1913, was $100,000. This property was sold during the taxable year for $60,000.

The J. Van Lindley Nursery Co. for some years prior to the taxable year in question had undertaken to carry an inventory,

which had been placed at a flat value of $23,000, both at the beginning and end of the year and, therefore, did not affect the computation of taxable income. During the year 1918 there was an exceptional demand for nursery stock and the sales of the taxpayer were in excess of normal, so that at the close of the year it had on hand usable nursery stock of less than the normal quantity. In its income-tax return for 1918 the taxpayer claimed a deduction on account of depreciation of $7,000, which it now claims should be allowed by decreasing the closing inventory by that amount.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, under Rule 50.

### OPINION.

JAMES: We are convinced by the testimony in this appeal that the J. Van Lindley Orchard Co. sold its orchard in the taxable year in question, at less than its actual value, for the purpose of providing funds for the settlement of the J. Van Lindley estate, and for the further purpose of consolidating the work in the Nursery Company and abandoning the peach orchard, which Van Lindley's son, Paul C. Lindley, felt himself unable to manage properly. We are not convinced that the cost of the property was as great as its value on March 1, 1913, and from all the evidence have fixed the cost at $80,000. A loss of $20,000 should, therefore, be allowed the J. Van Lindley Orchard Co. in the year in question.

Upon the second point the position of the Commissioner must be sustained. The taxpayer has made returns upon the basis, virtually, of receipts and disbursements, and prior to 1918 deducted as expenses of business the entire cost of developing to a marketable condition the nursery stock then on hand. It is proved from the testimony of Paul C. Lindley that the inventory value of $23,000 was entirely arbitrary and in its very nature could not be the subject of exact estimates.

While an inventory method in connection with a nursery or other agricultural operation would doubtless result in reflecting profit and loss more equally from year to year, we are not convinced that such a method would more clearly reflect the income. Such a method, if properly carried out, would necessitate increasing the inventory when the stock increased upon an estimated cost of production of such nursery stock and would show a decrease under such circumstances as those here existing at the close of 1918, or under

circumstances resulting from losses of stock due to any of the accidents which normally surround the growing of agricultural produce. Such a method would introduce into the accounting estimates of gains and estimates of losses, neither of which would actually have been realized. In the instant case we are dealing, however, not with an accurate attempt at estimates but with a mere guess on the part of Mr. Lindley that his nursery stock was depleted approximately one-third, unsupported by any evidence of even the most general nature as to the cost of producing the nursery stock on hand at the beginning or close of the year. The action of the Commissioner in disallowing the claimed deduction of $7,000 is, therefore, sustained.